**SIGNED THIS: June 01, 2011**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT DEAN PIERCE and | ) | No. 10-81359 |
| KIMBERLY ELLEN PIERCE, | ) | |
| | ) | |
| Debtors. | ) | |

## O P I N I O N

The Debtors are moving for sanctions against certain creditors, Richard and Teresa Carr, and their attorney, Maurice J. Barry, Jr., for violating the discharge injunction. The Debtors received a Chapter 7 discharge on August 25, 2010. The Carrs were properly listed on Schedule F and received notice of the bankruptcy filing and of the entry of the discharge order.

The Debtors formerly owned and operated Pierce Development Corporation (PDC). The Carrs obtained a judgment against PDC in 2009 in the amount of $26,000 in McLean County Case No. 09 AR 497, entitled Richard Carr and Teresa Carr, Plaintiffs vs. Pierce Development Corporation, Defendant.

On November 1, 2010, the Carrs, through their attorney, Barry, filed a pleading in that case, 09 AR 497, entitled Motion for Judgment Against Robert Pierce Individually, requesting that judgment be entered against Robert D. Pierce for the amount of the judgment previously entered against PDC. The basis for the request includes allegations that Robert Pierce acted fraudulently with respect to the Carrs and the funds they paid to PDC in 2009. In the Debtor's Chapter 7 case, the Carrs failed to assert a claim for nondischarge-ability under section 523 or an objection to the discharge under section 727. After a preliminary hearing in the bankruptcy court, the Carrs, through Barry, withdrew the motion for judgment against Robert Pierce individually.

The Carr's motion for judgment against Robert Pierce individually was an attempt to obtain judgment and collect on a prepetition debt that was discharged as to the Debtors when they received a discharge on August 25, 2010. Barry admits he knew of the discharge when he filed the motion, which he filed because he wasn't receiving the cooperation from Robert Pierce he thought he was entitled to in his efforts to collect the judgment against PDC. This motivation is not exculpatory.

Barry's actions violated the discharge injunction. There is no indication that the Carrs participated in or even had any knowledge of what he was doing. The Debtors allege no harm other than attorney fees for which they seek reimbursement in the amount of $1,200. The Court determines a reasonable award of fees should be assessed in the amount of $500 against Maurice J. Barry, Jr. but not against his clients, the Carrs.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###